1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SARAH M. MUZQUIZ,

Plaintiff,

vs.

GLORIA DAVILA de MUZQUIZ,

Defendant.

CASE NO. 06CV2806 WHQ (LSP)

ORDER RE: DEFENDANT'S MOTION TO DISMISS

HAYES, Judge:

Pending before the Court is Defendant's Motion to Dismiss, or, alternatively, Motion to Stay Action. (Doc. # 6). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## BACKGROUND

On October 7, 2005, Sarah Muzquiz (Plaintiff) filed a Complaint seeking a declaration that she was the surviving spouse of the now deceased Raymundo Muzquiz (Sr. Muzquiz). *Muzquiz v. Muzquiz*, S.D. Cal. Case No. 05cv1928, Doc. # 1. On January 10, 2006, this Court dismissed Plaintiff's Complaint without prejudice pursuant to the Declaratory Judgment Act because there were two related and previously filed actions pending in Mexican courts; a jactancia and a juicio de sucesión (probate proceeding). *Muzquiz v. Muzquiz*, S.D. Cal. Case No. 05cv1928, Doc. # 28. On August 29, 2006, the jactancia concluded without resolving the dispute as to Sr. Muzquiz's spouse at the time of his death. Def. Mot. at 2; Pl. Opp'n at 3. Thereafter, on December 29, 2006, Plaintiff filed the currently pending Complaint, again seeking a declaration that she was the lawful surviving spouse

of Sr. Muzquiz at the time of his death.  (Doc. # 1).  The Mexican probate proceeding remains pending in Mexico.

### ALLEGATIONS OF THE COMPLAINT

On June 28, 1935, Plaintiff married Sr. Muzquiz in Yuma, Arizona.  Compl., ¶ 6.  On May 21, 1949, Sr. Muzquiz married Defendant Gloria Muzquiz without first obtaining a legal divorce from Plaintiff. Compl., ¶ 8.  Plaintiff maintained marital relations with Sr. Muzquiz after Sr. Muzquiz's marriage to Defendant. Compl., ¶ 9.  Plaintiff alleges that Defendant's marriage to Sr. Muzquiz was "a bigamous union illegal and void ab initio," and that Plaintiff was the lawful spouse of Sr. Muzquiz at the time of Sr. Muzquiz's death on September 6, 2002. Compl., ¶¶ 10, 13(e).

### STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  The Complaint must, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), *citing Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted).  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  In considering a Rule 12(b)(6) dismissal, a court may not look beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

When a district court is presented with a request for declaratory judgment, a motion to dismiss for failure to state a claim upon which relief can be granted properly raises abstention considerations. *AMCO Insurance v. AMK Enterprises,* No. C 06-1729 CRB, 2006 WL 1980405, at * 1 (N.D. Cal. 2006); *Langan v. Town of Cave Creek*, No. Civ. 06-0044-PHX-SMM, 2006 WL 1722316, at *1, 5-6

1  (D. Ariz. 2006).

2  **DISCUSSION**

3  Defendant moves the Court to use its discretion under the Declaratory Judgment Act to dismiss
4  Plaintiff's Complaint because a previously filed and related probate proceeding is currently pending
5  in Mexico.  Defendant contends that Plaintiff seeks declaratory relief in order to claim a portion of Sr.
6  Muzquiz's estate, and that even if this Court determines the identity of  Sr. Muzquiz's legal spouse
7  at the time of his death, the Court cannot divide Sr. Muzquiz's assets because his estate is under the
8  jurisdiction of the Mexican probate court.

9  Plaintiff contends that Defendant's motion to dismiss should not be granted because this
10  Court's prior order dismissing Plaintiff's October 7, 2005 Complaint was based on the jactancia action
11  which has since concluded without disposing of the issue presented in Plaintiff's current Complaint.
12  Plaintiff contends that the existence of the probate proceeding does not require dismissal of the current
13  Complaint because Plaintiff has not received notice the probate proceeding.  Plaintiff further contends
14  that it is probable that all of the dispositive issues in the probate proceeding have already been
15  determined and that Plaintiff will be barred from making a claim in the probate proceeding due to the
16  passage of time.   Finally, Plaintiff contends that dismissal is improper because the Court does not
17  know the status of the probate proceeding, and therefore the Court cannot be sure that Plaintiff will
18  be able to pursue her rights in the Mexican court.

19  **Discretion to Entertain Actions Pursuant to the Declaratory Judgment Act**

20  The Declaratory Judgment Act provides in pertinent part that, "any court of the United States,
21  upon the filing of an appropriate pleading, may declare the rights and other legal relations of any
22  interested party seeking such declaration, whether or not further relief is or could be sought."  28
23  U.S.C. § 2201(a).  District courts "possess discretion in determining whether and when to entertain
24  an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter
25  jurisdictional prerequisites." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).  In deciding
26  whether to exercise discretion under the Declaratory Judgment Act, a district court should consider
27  factors which include avoiding (1) needless determinations of state law issues; (2) suits filed by
28  litigants as a means of forum shopping; and (3) duplicative litigation. *Brillhart v. Excess Ins. Co. of*

1  *America,* 316 U.S. 491, 495 (1942); *see also Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th

2  Cir. 1998).  A court can also consider, "whether the declaratory action will settle all aspects of the

3  controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations

4  at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing

5  or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in

6  entanglement between the federal and state court systems." *Principal Life Ins. Co. v. Robinson*, 394

7  F.3d 665, 672 (9th Cir. 2005).  Finally, a district court can consider the convenience of the parties and

8  the availability and relative convenience of other remedies.  *Id.*  When parallel proceedings involving

9  similar issues are pending at the time that a second action is filed, there is a presumption that the entire

10 suit should be heard in the original forum.  *Gov't Emples.,* 133 F.3d at 1225; *see also Chamberlain*

11 *v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir.1991).

12    At the time that Plaintiff filed this Complaint, there was a probate proceeding pending in

13 Mexico which began on October 28, 2002, and remains pending.  The Court concludes that a

14 determination of Sr. Muzquiz's lawful spouse on the date of his death will likely be made in that

15 proceeding.  Furthermore, the Court concludes that the Mexican probate proceeding could resolve the

16 issue of whether Plaintiff is entitled to a portion of Sr. Muzquiz's estate.

17    While Plaintiff contends that the Court's previous order of dismissal relied exclusively on the

18 now completed jactancia, the ongoing probate proceeding was also a basis for the Court's dismissal

19 of Plaintiff's prior Complaint on abstention grounds.  *See Muzquiz v. Muzquiz*, S.D. Cal. Case No.

20 05cv1928, Doc. # 28 at 8.  Furthermore, the Court once again concludes that adjudication of the

21 pending declaratory action could result in duplicative litigation and lead to inconsistent rulings by this

22 Court and the Mexican probate court.  The proceeding in Mexico involves similar issues and parties,

23 and was pending when Plaintiff filed this Complaint.  Finally, even if Plaintiff had not received notice

24 of the probate proceeding at the time she filed the initial Complaint in October 2005, she received

25 notice of the proceeding through this Court's order of January 10, 2006, yet has not taken steps to join

26 in the Mexican probate proceeding.  The Court finds that the entire suit should be heard in the original

27 Mexican forum.

28 /

1   /

2        The Court has the discretion to either stay or dismiss the action.  *See Wilton*, 515 U.S. at 290.

3   The Court finds that dismissal is warranted here.  *See Supermicro Computer Inc. v. Digitechnic*, 145

4   F. Supp. 2d 1147, 1152 (N.D. Cal. 2001). Accordingly, Defendant's motion to dismiss is **GRANTED**.

5   (Doc. # 6).

6        **IT IS SO ORDERED.**

7   DATED:  June 13, 2007

8                                          *William Q. Hayes*

                                           **WILLIAM Q. HAYES**
9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28